NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3780
_____

OTHMANE OUADAH,
                              Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(Agency No. A079 733 409)
Immigration Judge: Honorable Charles M. Honeyman
_____

Submitted Under Third Circuit LAR 34.1(a)
December 16, 2010
_____

Before: SLOVITER, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion Filed: January 12, 2011)

_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

Othmane Ouadah ("Ouadah" or "Petitioner") appeals from a decision of the Board

1

of Immigration Appeals ("BIA") denying his motion to remand.[1]  Since the BIA did not abuse its discretion in denying this motion, we will affirm the BIA's decision.

## I.  Background

We write solely for the benefit of the parties and recount only the essential facts.

Ouadah, a native and citizen of Algeria, entered the United States on September 16, 1994, as a non-immigrant visitor.  He was granted an extension of his visa allowing him to stay in the United States until September 15, 1995.  He overstayed his visa.  The Immigration and Naturalization Service[2] issued a Notice to Appear ("NTA") charging Ouadah with being removable, pursuant to § 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B), on January 9, 2003.  The NTA ordered Ouadah to appear for a hearing on February 18, 2004.  (Admin. R. 716-18.)

After several continuances, the IJ held a hearing on May 5, 2008.  (Admin. R. 132-

---

[1] Ouadah does not appeal the BIA's dismissal of his appeal from the Immigration Judge's ("IJ") decision denying his motion for a continuance and denying his application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT").  In fact, Ouadah concedes that the request for asylum is presumptively time-barred and not subject to review before this Court.  (Br. of the Pet'r 1 n.1.)

[2]  On March 1, 2003, the Immigration and Naturalization Service ceased to exist as an independent agency within the Department of Justice and its functions were transferred to the newly formed Department of Homeland Security and placed under the Bureau of Immigration and Customs Enforcement. See Homeland Security Act, 116 Stat. 2135, Pub. L. 107-296 (2002).  For the sake of simplicity, because relevant events occurred both before and after that change, we will refer to the Bureau of Immigrations and Customs Enforcement as well as the Immigration and Naturalization Service as the "government."

93.) At that hearing, the government offered to allow Ouadah to voluntarily depart the country. Ouadah initially accepted this offer, but, prior to the IJ entering an appropriate order, Ouadah changed his mind, and sought to pursue his application for asylum, withholding of removal and relief under the CAT. Upon completion of Ouadah's testimony, the IJ continued the proceedings to issue his decision. On May 15, 2008, before the IJ issued his decision, Ouadah again changed his mind and opted to withdraw his application for relief and accept the government's offer of voluntary departure. (Admin. R. 194-203.) The hearing was continued to allow the government to consider reinstating the offer. At a hearing on May 21, 2008, the government confirmed that the offer was still available. (Admin. R. 204-08.) Ouadah withdrew his application for relief, and the IJ continued the hearing to November 12, 2008. At that time, the IJ proposed the entry of an order of voluntary departure. The November 12th hearing was continued until November 24, 2008.

On November 24, 2008, Ouadah appeared before the IJ. (Admin. R. 209-18.) Instead of proceeding with issuance of the order of voluntary departure, Ouadah sought to substitute counsel, continue the proceedings, and reinstate his application for relief. The continuance was based upon an alleged change in circumstances; namely, the August 21, 2008 attack on Ouadah's brother.[3] In support of the motion, Ouadah submitted his

---

[3] In Ouadah's original affidavit, he refers to the attack having occurred in November 2008. (Admin. R. 681.) Subsequently, he, and his family members, state in affidavits

affidavit (Admin. R. 680-81), and his counsel proffered that if the continuance was granted, affidavits from family members and medical records from the brother's treatment would be provided (Admin. R. 213-14). The IJ granted the motion to substitute counsel but denied the request to continue, noting that Ouadah did not present "any material change in circumstances that would suggest that the respondent should be able to reinstate his application." (Admin. R. 50.) The IJ then ordered Ouadah removed.

Ouadah appealed to the BIA. Before the BIA, Ouadah conceded that the IJ found that he failed to establish prima facie eligibility for the relief he sought. (Admin. R. 17.) Based on that concession, the BIA dismissed Ouadah's appeal of the denial of the motion for a continuance as moot. The BIA also denied Ouadah's motion to remand,[4] stating that "there is no indication that the information was previously unavailable." (Admin. R. 3.) Specifically, the BIA expressed concern that Ouadah offered no reason as to why the affidavits from his mother and sister, dated November 4, 2008, and the medical records, dated August 21, 2008, were not available at the time of the hearing before the IJ on November 24, 2008. (Id.)

---

that the attack occurred on August 21, 2008. (Admin. R. 31, 33, 37.) The medical records substantiating the attack are also dated August 21, 2008. (Admin. R. 42.)

[4] The BIA treated Ouadah's appeal as (1) an appeal from the decision of the Immigration Judge finding him removable, denying his request for a continuance, and ordering him removed and (2) a motion to remand. Although Ouadah did not specifically file a motion to remand, the BIA treated the appeal as a motion to remand based on the affidavits attached to Ouadah's brief.

Ouadah now seeks review of the BIA's denial of his motion to remand.

## II. Jurisdiction

The BIA had jurisdiction pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction pursuant to 8 U.S.C. § 1252 to review final orders of the BIA. Kucana v. Holder, 130 S.Ct. 827 (2010).

## III. Standard of Review[5]

"We review the BIA's denial of a motion to reopen for abuse of discretion, and review its underlying factual findings related to the motion for substantial evidence. The BIA's denial of a motion to reopen may only be reversed if it is 'arbitrary, irrational, or contrary to law.'" Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006) (citing Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001); quoting Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir. 2002)).

## IV. Analysis

"The Supreme Court has identified three principal grounds on which the Immigration Judge or the Board may deny a motion to reopen immigration proceedings. First, it may hold that the movant has failed to establish a prima facie case for the relief sought . . . . Second, it may hold that the movant has failed to introduce previously unavailable, material evidence that justifies reopening, as required by regulation. Third,

---

[5] "[F]or purposes of jurisdiction we treat a motion to remand as a motion to reopen. We consider these devices as equivalent for jurisdictional and standard of review purposes." Kortynyuk v. Ashcroft, 396 F.3d 272, 282 (3d Cir. 2005) (internal citations omitted).

in 'cases in which the ultimate grant of relief [being sought] is discretionary (asylum, suspension of deportation, and adjustment of status, but not withholding of deportation),' the Board can 'leap ahead . . . over the two threshold concerns (prima facie case and new evidence/reasonable explanation) and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief.'" Sevoian, 290 F.3d at 169-70 (quoting INS v. Abudu, 485 U.S. 94, 105 (1988), and citing 8 C.F.R. § 3.2(c) (currently numbered as 8 C.F.R. § 1003.2(c))). These three grounds are independent of each other. Abudu, 485 U.S. at 104. Further, both this Court and the Supreme Court of the United States have emphasized that motions to reopen in immigration proceedings are disfavored. See, e.g., id. at 107; Sevoian v. Ashcroft, 290 F.3d at 171-72.

Here, the BIA concluded that Ouadah had not provided any explanation as to why the evidence introduced before the BIA was previously unavailable. Ouadah argues before this Court that the fact the affidavits from his mother and sister were dated prior to the date of the hearing before the IJ does not mean that Ouadah received them before the hearing. There is no evidence in the record to support this proposition. At present, it is conjecture. Further, Ouadah did not provide any explanation for the failure to present these affidavits to the BIA. Rather, as the BIA notes, no explanation for why the evidence was previously unavailable was offered. This conclusion is not "arbitrary, irrational, or contrary to law."

It is the applicant's burden to demonstrate that the evidence was previously

unavailable, and the burden is a heavy one. <u>Abudu</u>, 485 U.S. at 110. Ouadah failed to satisfy that burden. Offering conjectural explanations now is insufficient; Ouadah should have provided an explanation to the BIA. He did not. Therefore, we will affirm the BIA.[6]

## V. Conclusion

For the reasons stated above, this Court will affirm the BIA's decision denying Ouadah's motion to remand.[7]

---

[6] Ouadah argues that he has established a prima facie claim for relief. Since the three grounds listed above are independent of each other, <u>Abudu</u>, 485 U.S. at 104, the BIA can base its grant or denial of a motion to reopen on any one of them. In this case, the BIA based its decision on the second ground — the failure to provide previously unavailable material evidence. Therefore, this Court need not discuss the first ground, as Ouadah does. These factors are not conjunctive. The BIA has the option of choosing the basis for its decision. <u>Id.</u> at 105-6 ("[T]he BIA has discretion to deny a motion to reopen even if the alien has made out a prima facie case for relief.").

[7] In passing, Ouadah mentions that the BIA "denied [him] due process by failing to remand this matter for further proceedings." (Br. of the Pet'r 2.) On two other occasions, Ouadah mentions a potential due process claim in his brief. (<u>Id.</u> at 21, 26.) These three references, without more, fail to set forth that claim before this Court. <u>See</u>, <u>e.g.</u>, <u>U.S. v. Hoffecker</u>, 530 F.3d 137, 162 (3d Cir. 2008) ("An appellant's brief must contain his or her argument, which must incorporate 'appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies. . . .'" (quoting FED. R. APP. P. 28(a)(9)(A)); <u>Simmons v. City of Philadelphia</u>, 947 F.2d 1042, 1066 (3d Cir. 1991) (plurality opinion) ("Under the specificity requirements of Federal Rule of Appellate Procedure 28 and Third Circuit Rule 21, a passing reference to an issue in a brief will not suffice to bring that issue before this court on appeal."). Lacking any factual or legal support or explanation for Ouadah's contention that the BIA's decision violated his due process rights, we conclude that this argument is waived.